```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ROSETTA WATSON,                                                     :
                                                                    :
                               Plaintiff,                           :
                                                                    :         11 Civ. 9527 (AJN)
               -v-                                                  :
                                                                    :         MEMORANDUM &
TIMOTHY F. GEITHNER, SECRETARY,                                     :         ORDER
DEPARTMENT OF THE TREASURY,                                         :
                                                                    :
                               Defendant.                           :
------------------------------------------------------------------- X
```

ALISON J. NATHAN, District Judge:

This case arises from *pro se* Plaintiff Rosetta Watson's employment at the Internal Revenue Service ("IRS"). Plaintiff brings claims against Defendant Timothy F. Geithner, Secretary of the Treasury, alleging age, race, and disability discrimination, as well as retaliation, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17; the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621–634; the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12112–12117; the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law §§ 290–297; and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code §§ 8-101 to 8-131.

On January 22, 2013, Defendant moved for dismissal under 28 U.S.C. § 1915(e)(2)(A) on the ground that Plaintiff had falsely claimed poverty in order to proceed *in forma pauperis* or, in the alternative, for summary judgment. Dkt. No. 16. On August 8, 2013, the Honorable Henry B. Pitman, United States Magistrate Judge, issued a Report and Recommendation (the "R&R") recommending that this Court grant summary judgment. Dkt. No. 28. Plaintiff filed objections to the R&R on August 27, 2013. Dkt. No. 29. For the following reasons, the Court adopts the R&R in its entirety, and Defendant's motion for summary judgment is therefore granted.

1

I.  **BACKGROUND**

This opinion assumes familiarity with the facts of this case, which are laid out in detail in the R&R. To briefly summarize, Plaintiff is a 64-year-old African American woman. She has brought five *pro se* discrimination and retaliation cases in this District arising out of her employment as a secretary at the IRS, in addition to filing 21 complaints with the IRS's Equal Employment Opportunity office. One of the five cases was disposed of on summary judgment by Judge Marrero in 2008, *see Watson v. Paulson*, 578 F. Supp. 2d 554 (S.D.N.Y. 2008), three are currently consolidated in front of Judge Pitman, *see Watson v. Geithner*, No. 09 Civ. 6624 (HBP); *Watson v. Geithner*, No. 10 Civ. 3984 (HBP); *Watson v. Geithner*, No. 10 Civ. 7282 (HBP), and the fifth is now before the Court.

In all of these actions, Plaintiff "has consistently maintained that she has been treated unfairly because her superiors have conspired with attorneys and unidentified third-party 'operatives' who are out to retaliate against her as a result of her efforts to bring to light the illegal activities of the attorneys." R&R at 4. In this case specifically, however, Plaintiff's allegations of discrimination and retaliation revolve entirely around two counseling memoranda issued to her on October 5 and 14, 2010, by her supervisor, Ann Jones-Moffatte. Compl. at 3; R&R at 9–13. In an affidavit, Jones-Moffatte asserts that she issued the memoranda based on Plaintiff's insubordinate behavior in the context of a disagreement over how employee time sheets should be filled out. Jones-Moffatte Decl. Plaintiff disputes Jones-Moffatte's account. Pl. Obj. at 4–6; Pl. Opp. at 2–4.

In the R&R, Judge Pitman declined to address Defendant's 28 U.S.C. § 1915(e)(2)(A) arguments and instead concluded that summary judgment was appropriate because Plaintiff failed to present evidence sufficient to either make a *prima facie* case of discrimination or rebut Defendant's non-discriminatory, non-retaliatory justification for the counseling memoranda.

## II.     STANDARD OF REVIEW

With respect to dispositive motions such as Defendant's, a district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). "[A]ny party may serve and file written objections to [a magistrate judge's] proposed findings and recommendations," *id.*, within fourteen days of being served with them,[1] Fed. R. Civ. P. 72(b)(2), and a district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," 28 U.S.C. § 636(b)(1)(C). By contrast, portions of the magistrate judge's recommendations to which neither party files a timely objection may be accepted unless they are clearly erroneous. *See Tarafa v. Artus*, No. 10 Civ. 3870 (AJN) (HBP), 2013 WL 3789089, at *2 (S.D.N.Y. July 18, 2013) (citing *Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009)).

Federal Rule of Civil Procedure 72(b)(2) requires a party's objections to be "specific," and a district judge may review for clear error any portions of a magistrate's recommendations to which only "conclusory or general" objections are made. *E.g., Dixon v. McGinnis*, No. 06 Civ. 39 (RJS), 2012 WL 6621728, at *3 (S.D.N.Y. Dec. 19, 2012) (quoting *Walker v. Vaughan*, 216 F. Supp. 2d 290, 292 (S.D.N.Y. 2002)). *But cf. Pearson-Fraser v. Bell Atl.*, No. 01 Civ. 2343, 2003 WL 43367, at *1 & n.1 (S.D.N.Y. Jan. 26, 2003) (applying *de novo* review where objections were "conclusory or general" because plaintiff was proceeding *pro se*).

---

[1] Plaintiff submitted her objections on August 26, 2013, more than fourteen days after the R&R was filed on August 8, and although it is unclear when she received the R&R, she concedes in her submission that it is untimely. However, in light of the solicitude that courts generally show to *pro se* parties, the Court will consider her objections in full. *See* Fed. R. Civ. P. 6(b)(1)(A); *Massie v. Metro. Museum of Art*, 651 F. Supp. 2d 88, 93 (S.D.N.Y. 2009) ("[T]he Second Circuit, as a general matter, is solicitous of *pro se* litigants, enforcing standards of procedural leniency rather than holding them to the rigidities of federal practice.").

3

Courts in this district often state that clear error review is also appropriate if a party's objection "simply reiterates [the party's] original arguments." *E.g., Jones v. Astrue*, No. 09 Civ. 5577 (DAB), 2012 WL 4473258, at *1 (S.D.N.Y. Sept. 28, 2012) (quoting *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, No. 07 Civ. 6865 (LTS), 2008 WL 4810043, at *1 (S.D.N.Y. Nov. 3, 2008)); *Dixon*, 2012 WL 6621728, at *3 (quoting *Walker*, 216 F. Supp. 2d at 292); *accord O'Callaghan v. N.Y. Stock Exch.*, No. 12 Civ. 7247 (AJN) (SN), 2013 WL 3984887, at *1 (S.D.N.Y. Aug. 2, 2013). However, support for that doctrine is arguably lacking in the language of both 28 U.S.C. § 636(b)(1)(C) and Rule 72(b)(2). Additionally, because a party waives any arguments *not* presented to the magistrate judge, *see Tarafa*, 2013 WL 3789089, at *2 ("new arguments and factual assertions cannot properly be raised for the first time in objections to the R&R" (quoting *Smith v. Hulihan*, No. 11 Civ. 2948 (HB), 2012 WL 4928904, at *1 (S.D.N.Y. Oct. 17, 2012)) (internal quotation mark omitted)), applying clear error review to objections that "reiterate[]" a party's arguments might effectively bar a party from obtaining *de novo* review of certain kinds of conclusions, rendering the statute hollow. For example, an objection that a magistrate's purely legal ruling was faulty may require convincing the district judge of an argument that the magistrate rejected; the only way for a party to raise such arguments is to reiterate them. In any event, nothing in this case turns on the standard of review, so the Court will review the parts of the R&R to which Plaintiff objects *de novo*.

Finally, "It is well established that the submissions of a *pro se* litigant must be construed liberally and interpreted 'to raise the strongest arguments that they suggest.'" *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted) (quoting *Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006)). "This policy of liberally construing *pro se* submissions is driven by the understanding that '[i]mplicit in the right of self-representation is an

obligation on the part of the court to make reasonable allowances to protect *pro se* litigants from inadvertent forfeiture of important rights because of their lack of legal training.'" *Id.* at 475 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

### III.   DISCUSSION

Because the R&R and Plaintiff's objections to it concern Defendant's motion for summary judgment, the Court first reviews the legal standard applicable in a summary judgment setting before proceeding to analyze Plaintiff's objections.

#### A. Summary Judgment Standard

Summary judgment is properly granted when, after reviewing the evidence in the light most favorable to the non-moving party, "there is no genuine dispute as to any material fact" and "the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *Nabisco, Inc. v. Warner-Lambert Co.*, 220 F.3d 43, 45 (2d Cir. 2000). A "genuine issue" exists if the evidence is such that a reasonable factfinder could decide in the non-moving party's favor. *Nabisco*, 220 F.3d at 45.

On summary judgment, "the burden is upon the moving party to demonstrate that no genuine issue respecting any material fact exists." *Gallo v. Prudential Residential Servs., L.P.*, 22 F.3d 1219, 1223 (2d Cir. 1994). However, "[w]hen the burden of proof at trial would fall on the nonmoving party, it ordinarily is sufficient for the movant to point to a lack of evidence . . . on an essential element of the nonmovant's claim." *Cordiano v. Metacon Gun Club, Inc.*, 575 F.3d 199, 204 (2d Cir. 2009). "Where the moving party demonstrates 'the absence of a genuine issue of material fact,' the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (citations omitted) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). "More specifically, it 'must do more than simply show that there is some

metaphysical doubt as to the material facts' and 'may not rely on conclusory allegations or unsubstantiated speculation.'" *Id.* (citations omitted) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 975 U.S. 574, 586 (1986); and *FDIC v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010)).

### B. Plaintiff's Objections

Construed liberally to raise the strongest arguments it suggests, *see Triestman*, 470 F.3d at 474, Plaintiff's submission contains several objections to the R&R. None has merit.

#### 1. The Cassette Tape

Plaintiff's most significant objection concerns Judge Pitman's refusal to allow her to supplement the summary judgment record with a cassette tape. Pl. Obj. at 4–6. Plaintiff concedes that she failed to produce the tape during discovery because, she claims, she "could not find the evidence." Pl. Obj. at 4. Although the failure to disclose evidence during discovery would ordinarily preclude its use in support of Plaintiff's motion, Fed. R. Civ. P. 37(c)(1), the Court will assume *arguendo* that Plaintiff's failure to disclose the cassette tape was "substantially justified or . . . harmless," rendering reliance on it permissible. Even so, and assuming that Plaintiff's claims regarding the content of the tape are true, including the tape in the summary judgment record would not help Plaintiff defeat Defendants' motion. According to Plaintiff's objections and an affidavit that she submitted in opposition to summary judgment, the tape disproves Jones-Moffatte's testimony and shows that Plaintiff never did anything to warrant the counseling memoranda. Pl. Obj. 4–6; Pl. Opp. 5. However, the truthfulness of Jones-Moffatte's account and the blamelessness of Plaintiff's workplace conduct do not, in themselves, have any bearing on Plaintiff's discrimination or retaliation claims. In fact, as Judge Pitman

6

correctly concluded, Plaintiff's description of the cassette tape indicates that the tape would not create a genuine issue of material fact.

All of Plaintiff's discrimination claims are analyzed under the familiar burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See Tomassi v. Insignia Fin. Grp., Inc.*, 478 F.3d 111, 114 & n.3 (2d Cir. 2007) (ADEA, NYSHRL, and NYCHRL claims); *Schnabel v. Abramson*, 232 F.3d 83, 87 (2d Cir. 2000) (Title VII and ADEA claims); *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006) (ADA claims); *Anyanwu v. City of New York*, No. 10 Civ. 8498 (AJN) (THK), 2013 WL 5193990, at *10 (S.D.N.Y. Sept. 16, 2013). Under that framework, Plaintiff bears the initial burden of establishing a *prima facie* case of discrimination: she must show that (1) she belonged to a protected class, (2) she was qualified for the position she held, (3) she suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of discrimination. *See, e.g., Williams v. R.H. Donnelley Corp.*, 368 F.3d 123, 126 (2d Cir. 2004) (Sotomayor, J.).

With respect to the third prong of that standard, counseling memoranda unaccompanied by a material change in working conditions do not constitute adverse employment actions. *See, e.g., Weeks v. N.Y. State Div. of Parole*, 273 F.3d 76, 86 (2d Cir. 2001), *abrogated on other grounds by Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101 (2002); *Williams v. N.Y. City Housing Auth.*, 335 F. App'x 108, 110 (2d Cir. 2009). Plaintiff has not objected to Judge Pitman's finding that she did not suffer any change in working conditions connected to the memoranda, R&R at 26, and that finding is not clearly erroneous in light of Plaintiff's deposition testimony, Pl. Dep., Def. Ex. 2, at 50–51. Therefore, Plaintiff fails to establish the third element of her *prima facie* case regardless of what the cassette tape might reveal about her workplace conduct or Jones-Moffatte's actual motivations.

Moreover, even if the counseling memoranda did qualify as adverse employment actions, Plaintiff never explains how an inference of discrimination should be drawn from the mere fact that Jones-Moffatte lied about the circumstances surrounding the memoranda. Plaintiff does not object to Judge Pitman's conclusion that there was no other evidence supporting such an inference, which also was not clearly erroneous. First, Plaintiff's deposition testimony that Jones-Moffatte issued the memoranda for discriminatory reasons, *see* Pl. Dep., Def. Ex. 2, at 46–50, consists entirely of "subjective conclusions without evidence that would 'reasonably support[] a finding of prohibited discrimination.'" *Bringley v. Donahoe*, 499 F. App'x 116, 119 (2d Cir. 2012) (quoting *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 154 (2d Cir. 2000)); *accord Lioi v. N.Y. City Dep't of Health & Mental Hygiene*, 914 F. Supp. 2d 567, 583 (S.D.N.Y. 2012) (Engelmayer, J.) ("[A] plaintiff cannot establish a *prima facie* case based on 'purely conclusory allegations of discrimination, absent any concrete particulars.'" (quoting *Meiri v. Dacon*, 759 F.2d 989, 998 (2d Cir. 1985))). Second, Plaintiff did not show that other more favorably treated IRS employees were "similarly situated" to her "in all material respects." *Graham v. Long Island R.R.*, 230 F.3d 34, 39 (2d Cir. 2000); *Shumway v. United Parcel Serv., Inc.*, 118 F.3d 60, 64 (2d Cir. 1997). Because she does not explain how the cassette tape would support an inference of discrimination in the absence of other evidence to that effect, Plaintiff fails to establish the fourth element of her *prima facie* case.

Nor would allowing the inclusion of the cassette tape defeat summary judgment with respect to Plaintiff's retaliation claims. Those claims are subject to a similar burden-shifting analysis: Plaintiff must initially show that (1) she engaged in protected activity, (2) the employer was aware of the activity, (3) the employer took adverse action against her, and (4) a causal connection exists between the protected activity and the adverse action. *Rivera v. Rochester*

8

*Genesee Regional Transp. Auth.*, 702 F.3d 685, 698 (2d Cir. 2012); *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012). "If the plaintiff meets this burden and the defendant then points to evidence of a legitimate, nonretaliatory reason for the challenged employment decision, the plaintiff must point to evidence that would be sufficient to permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Cifra v. Gen. Elec. Co.*, 252 F.3d 205, 216 (2d Cir. 2001).

In the R&R, Judge Pitman assumed that Plaintiff had established a *prima facie* case of discrimination, and concluded that she had not come forward with evidence sufficient to support a finding that Defendant's non-retaliatory justification for the counseling memoranda—*viz.*, that the memoranda were issued as a result of Plaintiff's insubordination—was a pretext for retaliation. R&R at 31–34. Unlike in his discrimination analysis, Judge Pitman did not rely on a conclusion that the counseling memoranda were not adverse employment actions, because under *Burlington Northern & Santa Fe Railway Co. v. White*, 548 U.S. 53 (2006), an adverse employment action is broader for retaliation purposes than for discrimination purposes. *See id.* at 64, 68 (holding that Title VII's "antiretaliation provision . . . is not limited to discriminatory actions that affect the terms and conditions of employment," and instead comprises "materially adverse" actions, *i.e.*, those that might "dissuade[] a reasonable worker from making or supporting a charge of discrimination" (quoting *Rochon v. Gonzales*, 438 F.3d 1211, 1219 (D.C. Cir. 2006)) (internal quotation marks omitted)). As Judge Pitman pointed out, Defendant did not cite any post-*Burlington* authority holding that counseling memoranda are not "materially adverse."[2] R&R at 32 n.6.

---

[2] In fact, the Second Circuit has cited pre-*Burlington* counseling-memorandum cases favorably in holding that a counseling session was not "materially adverse" under *Burlington*, *see Tepperwien v. Entergy Nuclear Operations, Inc.*, 663 F.3d 556, 570–71 (2d Cir. 2011), and in at least one post-*Burlington* summary order it has explicitly included the issuance of "a counseling notice" among several episodes that were "not adverse employment actions

9

However, even assuming that Plaintiff established a *prima facie* case of retaliation, her description of the cassette tape's contents indicates that the tape would not suffice to "permit a rational factfinder to conclude that the employer's explanation is merely a pretext for impermissible retaliation." *Cifra*, 252 F.3d at 216. Again, whether Jones-Moffatte lied about the events surrounding the counseling memoranda has no clear bearing on whether she issued those memoranda based on an unlawful motive, and Plaintiff provides no reason to think that the cassette tape contains evidence of retaliatory intent. Judge Pitman's unobjected-to conclusion that the temporal proximity between Plaintiff's complaints and the two counseling memoranda could not suffice to prove pretext, R&R at 33–34, was not clearly erroneous. *See El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) (per curiam) ("[W]ithout more, . . . temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext."). Therefore, Plaintiff's retaliation claims founder on her failure to show that Jones-Moffatte's alleged lies would raise a genuine issue of fact regarding pretext.

2. Other Objections

Plaintiff makes several other objections to the R&R, none of which requires significant discussion. First, Plaintiff objects to Judge Pitman's reading of her Complaint as advancing only "race, age and disability" discrimination claims; she asserts that it contained gender discrimination claims as well. Pl. Obj. at 1–2. But her Complaint does not, in fact, list gender as

---

for purposes of a retaliation claim," *Cody v. Cnty. of Nassau*, 345 F. App'x 717, 719 (2d Cir. 2009). Additionally, district courts in this Circuit appear to agree that employee counseling does not qualify as an adverse employment action for retaliation purposes absent additional adverse consequences. *See, e.g., Delaney v. LaHood*, No. 07 Civ. 471 (JG) (WDW), 2009 WL 3199687, at *34 (E.D.N.Y. Sept. 30, 2009); *cf. Ragin v. E. Ramapo Cent. Sch. Dist.*, No. 05 Civ. 6496 (PGG), 2010 WL 1326779, at *17 (S.D.N.Y. Mar. 31, 2010) ("In the retaliation context, it is clear from post-[*Burlington*] decisions in this Circuit that a negative or critical evaluation will not constitute an adverse employment action unless the evaluation is accompanied by other adverse consequences."). Therefore, Plaintiff's concession that she suffered no consequences from the memoranda would be a sufficient basis for summary judgment with respect to her retaliation claims as well as her discrimination claims.

10

a basis for the discrimination she alleges, Compl. at 3, and there is nothing in Plaintiff's allegations or the record from which gender discrimination might be inferred.

Second, Plaintiff objects to the consolidation of the three other pending actions that she has brought against Defendant: she claims that she consented to consolidation expecting that the cases "would be decided on as separate entities," and did "not realize that [she] had been bamboozled" until Judge Pitman limited the parties to 25 depositions for the three cases combined, rather than for each. Pl. Obj. at 2. Judge Pitman did mention the consolidated cases in the background section of his R&R, but this case is not one of them. Therefore, whatever the merits of Plaintiff's argument, it does not affect this Court's analysis.

Third, Plaintiff appears to object to Judge Pitman's failure to mention in his opinion certain specific facts involving "operatives/attorneys" who allegedly participated in a conspiracy against her. Pl. Obj. at 2–3. The R&R does include a summary of her allegations involving those individuals, R&R at 4, although the allegations do not bear on the issues in this case—namely, whether the counseling memoranda issued by Jones-Moffatte were discriminatory or retaliatory. In any case, Judge Pitman's failure to write the background section of his R&R to Plaintiff's liking is not a legitimate ground for objection.

Finally, Plaintiff objects to Judge Pitman's statement that Plaintiff believes her washing machine was stolen, R&R at 6; she claims that she never testified to that effect and that Judge Pitman therefore could only have learned about the theft of her washing machine from "the people that have been conspiring against" her, Pl. Obj. at 3. In fact, the R&R cites Plaintiff's deposition transcript, in which she clearly stated that her washing machine was stolen. Pl. Dep., Def. Ex. 2, at 41–42. In any case, Plaintiff's testimony (or lack thereof) is irrelevant because whether her washing machine was stolen is not a material fact in this case.

## IV.  CONCLUSION

The Court's *de novo* review of the objected-to portions of the R&R has not revealed any basis for rejecting or modifying it.  Additionally, after carefully reviewing the remaining portions of the R&R and the summary judgment record, the Court concludes that nothing in Judge Pitman's thorough and well-reasoned analysis is clearly erroneous.  Therefore, the Court adopts the R&R in full.  For substantially the same reasons set forth therein, Defendant's motion for summary judgment is GRANTED.  The Clerk of Court is requested to terminate this case.

SO ORDERED.

Dated: September 27, 2013
       New York, New York

_____
ALISON J. NATHAN
United States District Judge